IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FULGENCIO MORALES-ROQUE,

Petitioner,

vs.

WARDEN, MCCOOK, et al.,

Respondents.

8:26-CV-599

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner was detained on September 16, 2026, and he alleges that his continued detention is unlawful. *See* filing 1; filing 9 at 3; filing 9-1.

But the petitioner hadn't been in the government's custody before September 16, 2026. *See* filing 9 at 2-3. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A). His argument to the contrary, *see* filing 1 at 6, 26-31, is unfortunately contradicted by Eighth Circuit precedent.

The petitioner offers two other claims. First, he asserts that he was "admitted" into the United States and received "humanitarian parole" that was unlawfully revoked. *See* filing 1, at 7, 22-23, 31-32. That would be a good argument, if the record supported it. *See Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026). But the record doesn't support it. Nothing in the petition or return suggest that the petitioner was taken into custody before his current detention began—so, he

hadn't been released on any sort of "parole" in which he had a protectable liberty interest. *See id.* at *2.

The petitioner's remaining claim is that he's a member of the plaintiff class in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026) ("*ICWC*"), because "around a year ago" he "applied for a U-Visa as a victim of a crime." Filing 1 at 7, 16, 19, 33-34. The preliminary injunction entered by the *ICWC* court, he suggests, protects him from detention and removal. Filing 1 at 33-34.

But the record doesn't support that claim either. The petition, while fulsome in other details and accompanied by the petitioner's entire I-213 record, *see* filing 1 at 40-43, is curiously vague about his purported U-visa application "about a year ago" as the victim of an unspecified "crime." *See* filing 1 at 16, 19. Both the petitioner's I-213 and the government's return contain no record of a U-Visa application, and the petitioner hasn't traversed the return. Accordingly, the Court accepts that the petitioner does not, in fact, have a pending U-visa application. *See* 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true").

This Court has held that under some circumstances, for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026). But the petitioner's detention remains presumptively reasonable <u>at this point</u>. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that the presumptive limit to reasonable duration of post-removal-period detention is six months). Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice.

2. A separate judgment will be entered.

Dated this 26th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge